977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Moses JOHNSON, aka Musa Mata, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, Defendant-Appellee.
 No. 92-15207.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 31, 1992.*
Decided Oct. 5, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is a prisoner appeal of the dismissal of a 42 U.S.C. § 1983 action on the ground of res judicata. The district court concluded that the claims presented were based upon the same facts and sought the same relief as the petition for habeas corpus that was denied on the merits in the Superior Court of California. As a result, the district court dismissed the action.
 
 
 3
 The prisoner challenges his confinement in administrative segregation and asks the court to order a thorough factual hearing to evaluate the warden's conclusion that he was a gang member. Appellant's claims are the same claims that were decided against him in the state court on the merits. We agree with the district court that the appellant is barred by the doctrine of res judicata.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 4
 Appellant Moses Johnson is currently incarcerated at Pelican Bay State Prison. His prison records contain numerous reports from confidential informants that indicate possible affiliation in the Black Guerrilla Family gang. Johnson has consistently maintained that he has no gang affiliation and has asked for more information regarding the veracity of the reports from the informants. Because of the confidential nature of the reports, the prison officials have refused his requests. He is currently in administrative segregation despite several requests to be returned to the general prison population.
 
 
 5
 Johnson filed a petition for habeas corpus in the Superior Court of Del Norte County. Judge Weir of the superior court concluded that there was enough information in the prison file to support the prison's conclusion that Johnson was a gang member and denied the petition. Johnson filed a petition for habeas corpus in the federal district court. In an order dated August 21, 1991, Federal District Judge Smith found that Johnson presented a cognizable claim for injunctive relief under 42 U.S.C. § 1983, but she noted that the likelihood of success was minimal based on the doctrine of res judicata. The appellees moved to dismiss, and Judge Smith dismissed the case on the ground of res judicata. Johnson filed a timely notice of appeal.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 6
 This court has jurisdiction under 42 U.S.C. § 1983. The standard of review for res judicata determinations is de novo. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir.1992).
 
 III.
 DISCUSSION
 A. Issues on Appeal
 
 7
 The issue on appeal is whether the dismissal on grounds of res judicata was proper. In order to determine the propriety of the dismissal, it is necessary to examine whether appellant was afforded a full and fair hearing in the state habeas proceeding.
 
 B. Fairness of Evidentiary Hearings
 
 8
 Johnson contends that he was not afforded a full and fair hearing as required by due process. We disagree. "Due process requires that a prisoner have 'an opportunity to present his views' to the official 'charged with deciding whether to transfer him to administrative segregation.' " Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir.1990) ("Toussaint V") (quoting Hewitt v. Helms, 459 U.S. 460, 476 (1983)), cert. denied, 112 S.Ct. 213 (1991). An informal, nonadversarial review is sufficient to satisfy the requirements of due process, and a written statement by the inmate will meet this requirement. Toussaint v. McCarthy, 801 F.2d 1080, 1099 (9th Cir.1986) ("Toussaint IV") (citing Hewitt, 459 U.S. at 476), cert. denied, 481 U.S. 1069 (1987). In order to continue confinement in administrative segregation, prison officials must conduct periodic administrative reviews to determine whether further confinement is warranted. Hewitt, 459 U.S. at 477 n. 9. However, the strong state interest in maintaining safety and security in the prisons "weighs heavily in favor of avoiding prolonged and cumbersome administrative proceedings." Toussaint IV, 801 F.2d at 1100.
 
 
 9
 In Toussaint IV, the court noted that the decision whether to place an inmate in administrative segregation is based largely on subjective factors such as the character of the other inmates as well as the rumors and reputation of the inmate. Id. Johnson has repeatedly asked for disclosure of the reports from the informants so that he could have the opportunity to refute the validity of the reports. However, the Ninth Circuit has established that the prison is not required to disclose the identity of any of the informants who have contributed to the decision to place the inmate in administrative segregation. Id. at 1101.
 
 
 10
 Johnson has had repeated opportunities to present his views to the prison officials who determine his status. He has received the due process to which he is entitled. Johnson has exhausted the administrative remedies available to him within the Department of Corrections but will continue to be entitled to periodic review of his indeterminate status. In the denial of the habeas corpus petition, Judge Weir of the superior court stated: "Abundant information on confidential disclosure forms provides a basis for the administrative action complained of."
 
 
 11
 In Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987), this court held that there must be some "indicia of reliability" in the information upon which the prison officials base their decisions. Where the only evidence was a single hearsay statement communicated by a confidential informant, the court held that the evidence did not have the required "indicia of reliability." Id. In the present case, however, the superior court judge found "[A]bundant information" supporting the prison officials' conclusions, rather than a single piece of evidence. Furthermore, this court has repeatedly noted that prison officials, and not judges, must run the prisons. Toussaint V, 926 F.2d at 801.
 
 C. Res Judicata
 
 12
 Federal courts give preclusive effect to issues decided by state courts. Allen v. McCurry, 449 U.S. 90, 96 (1980). In the present case, Johnson is attempting to litigate the same issues as were decided by the superior court in the denial of the petition for writ of habeas corpus. Johnson is also requesting the same relief. Although Johnson's case was litigated in the state courts as a habeas proceeding, a state habeas proceeding decided on the merits can be the basis for precluding a § 1983 claim in federal court. Silverton v. Department of Treasury, 644 F.2d 1341, 1347 (9th Cir.), cert. denied, Silverton v. Regan, 454 U.S. 895 (1981). "[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards." Id. Since appellant is attempting to relitigate the same claims that were decided on the merits in the state court, he is barred by the doctrine of res judicata.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-6